O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEDOLPHIN EQUITY PARTNERS, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>ARNOLD SHUNE; DOES 1–10,<br><br>              Defendants. | Case No. 2:13-cv-08547-ODW(ASx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On November 19, 2013, Defendant Arnold Shune removed this case to this Court, ostensibly invoking federal-question jurisdiction under 28 U.S.C. § 1331. But since Shune impermissibly premises removal on a federal defense, the Court finds that it lacks subject-matter jurisdiction and accordingly **REMANDS** this case to Los Angeles County Superior Court, case number 13F05598.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party

seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).

Shune's removal was not proper here, because a defendant may not remove a case based on a federal defense. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)); *see also* 28 U.S.C. § 1441(a) (allowing removal only where the district court would have had original jurisdiction).  While Shune argues that Plaintiff Teledolphin Equity Partners, LLC violated 42 U.S.C. § 1983, whatever defense that alleged violation may provide is just that—a defense.[1]  And neither does an unlawful-detainer action give rise to a federal question. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Second, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  And in unlawful-detainer actions, the title to the property

---

[1] The Court also notes that there is no indication that Teledolphin Equity Partners is a state actor sufficient to invoke 42 U.S.C. § 1983's under-color-of-law requirement.

is not the object of the litigation—only the right to possession. *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the complaint—here, less than $10,000—not by the value of the subject property. *Id.*

The Court consequently finds that it lacks subject-matter jurisdiction and **REMANDS** this case to Los Angeles County Superior Court, 275 Magnolia Avenue, Long Beach, California 90802, case number 13F05598. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

December 2, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**